HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLAN B. THOMAS,<br><br>        Defendant. | Case No. CR19-00210 RAJ<br><br>ORDER |

      THIS MATTER comes before the Court on Defendant Allan B. Thomas's pro se Motion to Correct Sentence based on Retroactive Criminal History Category of the United States Sentencing Guidelines. Dkt. 243. Additionally, the Defendant submitted a Motion to Reduce Sentence per Amendment 821, (Zero-point Criminal History) and Compassionate Release. Dkt. 247. He is currently serving his sentence at the Federal Correctional Institution in Sheridan, Oregon.

      In the Government's opposition, the background summary accurately reflects the defendant's history with this Court. Dkt. 248. Rather than restate the government's summation, this Court accepts that the Government accurately stated the background of this case.

      The record demonstrates that Thomas timely filed a direct appeal, which is currently pending before the Ninth Circuit Court of Appeals. *United States v. Allan*

ORDER – 1

*Thomas*, Nos. 23-1030 & 23-30023. This Court lacks jurisdiction to consider his current request for sentence reduction, given the pendency of the direct appeal. See *United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir. 1993)*, where the 9th Circuit held:

> The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v, Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed2d 225 (1982)*.

While there may have been conflict among the circuits before Fed.R.Crim.P. 35(a), *Federal Criminal Code and Rules, (1991 Edition)* was amended, that conflict was resolved when the rule was amended. The amended rule provides that district courts are to "correct a sentence that is determined on appeal…to have been imposed in violation of the law,…upon remand of the case to the court." Fed.R.Crim.P. 35(a). The purpose of the revision was to ensure that "the sentence hearing would remain constant, immune from later modification." *United States v. Cook,* 890 F2nd 672, 674-75 (4th Cir. 1989) (citing legislative history). This Court thus lacks jurisdiction to consider the Defendant's motion.

Even if this Court were to consider the Defendant's request for sentence reduction, he would not be eligible. The Court agrees with the Government that Allan Thomas is not eligible for a reduction in sentence. This is because Thomas's original below-range sentence for the grouped Conspiracy and Fraud counts is already significantly shorter than the low end of the revised range, even after the two-level reduction conferred by the new Zero Point Offender provision. Specifically, after application of USSG § 4C1.1 (2023 Ed.), Thomas would likely qualify as a Zero Point Offender and his Total Offense Level for the grouped counts would be reduced from Level 27 to Level 25. At Total Offense Level 25 and criminal history Category I, Thomas's revised range is 57 to 71 months. But his original sentence of 6 months is already well below this revised range.

As noted above, this Court may not reduce a sentence to a term below the low end of the revised range, except in cases that originally involved substantial assistance. USSG § 1B1.10(b)(2)(A)-(B). There is nothing in the record to support application of this

ORDER – 2

exception in this case. Accordingly, Thomas's original 6-month sentence for the grouped Conspiracy and Fraud counts is not eligible for any reduction.

Thomas's consecutive sentence of 24 months on the Aggravated Identity Theft count is mandated by the statute of conviction, 18 U.S.C. § 1028A, and is not based on any Sentencing Guidelines range. See PSR ¶ 35; SOR at 4. As a result, Zero Point Offender status has no effect on this portion of Thomas's sentence. USSG § 1B1.10(a)(2).

Accordingly, neither portion of Thomas's original sentence is eligible for a reduction based on Amendment 821.

Defendant further seeks relief for compassionate release. Dkt. 247. This supplemental request is denied because Thomas's supplemental motion alleges that he exhausted his administrative remedies by making a request to the warden as required by 18 U.S.C. § 3582(c)(1)(A) but does not include evidence of exhaustion. Because the administrative-exhaustion requirement "is mandatory and must be enforced when properly raised by the Government, this Court denies Thomas's request for compassionate release for non-exhaustion.

USSG § 1B1.13(b)(1). Subsection (b)(1)(A)-(C) categorizes extraordinary and compelling medical circumstances as:

● suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory) … Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

● suffering from a "serious physical or medical condition," a "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process," that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; or

● suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious

ORDER – 3

deterioration in health or death.

Thomas's motion does not establish that he fits into any of these extraordinary and compelling categories. The Court agrees with the Government that Thomas does not provide any supporting explanation. He does no more than list of number of conditions from which he apparently suffers: "bone on bone knees (need replacement); Bells Palsey; Hypertension (high blood pressure); prone to kidney stones; post stomach/esohpagus surgery; severe arthritis multiple sites (hands, neck)." Id. This list, by itself, fails to establish that Thomas is unable to provide self-care.

Last, Thomas also claims that "[t]he Bureau of Prisons is not managing [his] symptoms or pain," Dkt. 247, at 2, Thomas fails to provide any support. The Defendant's own motion suggests that BOP is caring for him. He acknowledges that BOP has sent him for outside care three times in the past year. *Id.* Thomas' medical records from the past year confirm that he is receiving regular care in custody.

Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary, and hereby **DENIES** the motion.

For the foregoing reasons, the Defendant's Motion to Reduce Sentence per Amendment 821, (Zero-point Criminal History) and Compassionate Release, Dkt. 247 is **DENIED**.

DATED this 7th day of June, 2024.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4

ORDER – 5